IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA SMITH                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:09-cv-96-WHB-LRA

SMART SMART STYLE, REGIS CORPORATION,
and BECKY McCALL                                           DEFENDANTS


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Defendant to Dismiss or for Judgment on the Pleadings, and Plaintiff's Motion for Summary Judgment.[1] Having considered the Motions, Response, Rebuttal, the attachments thereto, as well as supporting and opposing authorities, the Court finds:

The Motion of Defendant to Dismiss or for Judgment on the Pleadings should be granted in part, and denied in part.

The Motion of Plaintiff for Summary Judgment should be denied.


I.  **Factual Background and Procedural History**

Plaintiff, Patricia Smith ("Smith"), an African American, began her employment as a hair stylist with Defendant, Regis

---

[1] As Plaintiff is proceeding in this case *pro se*, the allegations in her pleadings have been liberally construed. <u>See e.g.</u> <u>Johnson v. Atkins</u>, 999 F.2d 99, 100 (5th Cir. 1993). Plaintiff's Motion for Summary Judgment was attached to her Response to the Motion to Dismiss. <u>See</u> [Docket No. 18] at 5.

Corporation d/b/a Smart Style ("Regis"), on March 1, 2008. Smith alleges that sometime thereafter, she was threatened by a co-worker who also made comments about her and her mother's race. Smith claims that she reported the alleged discrimination to her supervisor, Becky McCall ("McCall"), and to Regis but that no action on her claim was taken.

Smith was terminated from her employment on April 8, 2008. According to the record, Smith received a Corrective Action Notice on March 7, 2008, because she reported to work on March 6, 2008, forty-five minutes after her scheduled shift began, and had not notified the store manager that she would be late. See Exhibits to Compl. On April 7, 2008, Smith received a second Corrective Action Notice that cited the following:

> On 4-4-08 Patricia missed work due to her truck being broke down. She worked 1-9[p.m.] on 4-5 and was scheduled off on 4-6-08. On 4-7-08 she told me by phone that her truck was still broke down and that she could not come to work – she told me she would be at work on Tue 4-8-08.

See id. In the April 7, 2008, Corrective Action Notice, Smith was notified that she was responsible for working her scheduled shifts and that further offenses would lead to the termination of her position. See id.

On April 8, 2008, Smith received a third Corrective Action Notice that cited the following:

> Patricia has missed three days of scheduled shifts because her truck was broken down. 4-4-08, 4-7-08 + 4-8-08. When I called her to see why she wasn't at work she

2

was at the Drs. office and said she did not have transportation to work.

See id. The Third Correct Action Notice also explained that "[m]issing 3 days of scheduled work during 90 day probation period is grounds for termination." See id. Smith's employment was terminated on April 8, 2008, for having missed three days of work during her probation period. See id. (Termination Form)(indicating that Smith was terminated because she missed three days of work due to transportation problems while she was still on 90 day probation).

In her pleadings, Smith does not deny that she reported late to work on March 6, 2008. Smith, however, contends that McCall had previously given her permission to come in late because of her school and travel schedule. Likewise, Smith does not deny that she missed work on April 4, 2008, and April 7, 2008, because her truck was broken. Smith, however, contends that the store manager or McCall had excused these absences. Finally, Smith does not deny that she missed work on April 8, 2008, but claims she was absent because of illness. With regard to this absence, Smith argues that although it should have been excused, it was the only unexcused absence she had. See Statement of Facts [Docket No. 21] at 2.

Based on these allegations, Smith claims that McCall lied when she reported that Smith had missed three days of work during her ninety-day probation period and, therefore, lied when she terminated Smith's employment for that reason. Smith further

3

claims that she was fired because she had called in sick on April 8, 2008, and that her termination was discriminatory because other employees were not fired after calling in sick.

On or about April 13, 2008, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination on the bases of race, disability, and retaliation.  In her Charge of Discrimination, Smith alleges:

> I was hired by [Smart Style] on March 1, 2008, as a Hair Stylist.  On April 8, 2008, I was discharged by Teidra.
>
> Teidra told me that because I could not come to work that day, I was fired and to come and pick up my things.
>
> I believe that I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> A similarly situated White Hair Stylist is still employed.

See Exhibits to Compl.  On June 26, 2008, the EEOC sent Smith a Dismissal and Right to Sue Notice.  Id.

On or about February 4, 2009, Smith filed a Complaint in this Court against Smart Style and Regis alleging the following:

Facts

> I am entitled to relief because Smart Style have no sound business reasons for firing me.  They have a duty of fairness to all employee to treated equally.  Their policies should be equitable and fair to all employees and all document should be honest and I should have been inform on all corrective action notice and, some shouldn't have been written at all.  Dictation of termination letter with false reasons from Becky McCall Supervisor.  I was unfairly discriminated on age, race.

Relief

I am seeking relief breach of contract of good faith and fairness to all employees. I also have ground for defamation of employer honesty to the fact. It will be obtain in this court discrimination.

<u>See</u> Compl. (reprinted verbatim).

On July 7, 2009, United States Magistrate Judge Linda R. Anderson entered an Order granting Smith's motion to proceed *in forma pauperis*, and denying Smith's motion for appointment of counsel.[2] <u>See</u> Order [Docket No. 4]. On July 20, 2009, Smith filed a motion seeking to amend her Complaint to name McCall as an additional defendant. Smith's motion to amend was granted on July 24, 2009. <u>See</u> Order [Docket No. 8]. On October 23, 2009, Smith entered an *ore tenus* motion to voluntarily dismiss, without prejudice, Defendants Smart Style and McCall. Judge Anderson granted Smith's *ore tenus* motion on October 23, 2009.

On September 10, 2009, Defendant Regis filed a motion seeking dismissal of Smith's Complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure. In addition to responding to the Motion to Dismiss, Smith filed a Motion for Summary Judgment. Both motions are presently before the Court.

---

[2] In her Complaint, Smith alleges that her lawsuit is "brought in Federal Court to enforce federal laws that violated my right in an employment contract." <u>See</u> Compl. As it appears that Smith is alleging claims arising under federal law, the Court finds it may properly exercise subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

## II.  Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "viewed with disfavor" and "rarely granted." <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).  Under Rule 12(b)(6), a party may seek dismissal based on its opponent's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss pursuant to this Rule, the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." <u>See</u> <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir. 2004); <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face." <u>See</u> <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u>  "The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." <u>Guidry v. American Public Life Ins. Co.</u>, 512 F.3d 177, 180 (5th Cir. 2007).

Importantly, under Rule 12(d) of the Federal Rules of Civil Procedure, "if matters outside the pleadings are presented to and

not excluded by the Court" a motion to dismiss under Rule 12(b)(6) and/or a motion for judgment on the pleadings under Rule 12(c) "must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). In this case, the parties have attached exhibits to their pleadings that the Court finds must be considered when ruling on the motion for dismissal filed by Regis. In addition Smith has filed a motion for summary judgment. Accordingly, the Court will consider both the motion for dismissal filed by Regis, and Smith's Motion for Summary Judgment, under Rule 56.

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex</u>, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. <u>Id.</u> As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. <u>Id.</u> at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

Regis seeks dismissal of Smith's Title VII race discrimination claim on the grounds that it was not timely filed.  On this issue, the United States Court of Appeals for the Fifth Circuit has held that a claim of discrimination under Title VII must be filed within ninety days after receiving a Right to Sue Notice from the EEOC. See e.g. Firle v. Mississippi State Dep't of Educ., 762 F.2d 487, 488 (5th Cir. 1985).  A plaintiff who fails to file a lawsuit within the ninety-day period loses the right to pursue his or her Title VII discrimination claim.  See Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989).

In this case, the record shows that Smith received her Right to Sue Notice from the EEOC on or about June 26, 2008.  See Mot. to Dismiss [Docket No. 15], Ex. 2.  The record additionally shows that Smith did not file her lawsuit alleging race discrimination in violation of Title VII until on or about February 4, 2009, which is unquestionably more than ninety-days after she received her Right to Sue Notice.  As such, the Court finds that Smith's Title VII race discrimination claim is subject to dismissal as it was not timely filed.

The Court additionally finds that while the ninety-day limitations period for filing a Title VII may be equitably tolled, grounds for so doing have not been shown in this case. Specifically, as regards the timeliness issue, Smith argues that

9

the motion to dismiss should be denied because she hired an attorney before the ninety-day period expired. See Resp. to Mot. to Dismiss [Docket No. 18], at 1. Although Smith may have hired an attorney within the relevant ninety-day period, it is clear that her attorney did not file a lawsuit alleging a Title VII claim on her behalf during that ninety-day period.[3]  In this Circuit, Smith's attorney's failure to timely file a lawsuit on her behalf does not justify equitable tolling. See e.g. Salinas v. Dretke, 354 F.3d 425, 432 (5th Cir. 2004)(finding that attorney error or neglect does not justify equitable tolling).

Having reviewed the pleadings, the Court finds there does not exist a genuine issue of material fact with regard to whether Smith timely filed her Title VII race discrimination claim within the ninety-day period following her receipt of the Right to Sue Notice from the EEOC.  The Court additionally finds that as Smith's Title VII race discrimination claim was filed more than ninety-days after she received her Right to Sue Notice, Smith's motion for summary judgment on her Title VII race discrimination claim should be denied, and the motion of Regis to dismiss this claim should be granted.

---

[3]  According to the record, the only action taken by Smith's attorney with respect to Smith's claim is a correspondence she wrote on September 19, 2008, offering Regis an opportunity to "discuss settlement" of Smith's claim.  See Pl.'s Resp. to Mot. to Dismiss, Ex. B.

Next, Regis seeks dismissal of Smith's age discrimination claim on the grounds that she did not allege age-based discrimination in the Charge of Discrimination she filed with the EEOC. Under the Age Discrimination in Employment Act ("ADEA"), "no civil action may be commenced by an individual under [the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." See 29 U.S.C. § 626(d). See also Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002)(holding that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."). Thus, before filing a lawsuit claiming age discrimination under federal law, the plaintiff must file a charge of age discrimination with the EEOC.

In this case, Smith filed her Charge of Discrimination with the EEOC on or about April 13, 2008, alleging discrimination on the bases of race, disability, and retaliation. She did not check the box for age discrimination. Additionally, in her Statement of Particulars that is included in the Charge of Discrimination, Smith alleged: (1) she was fired on April 8, 2008, because she "could not come to work that day", (2) she believed she was "discriminated against because of [her] race (Black)", and (3) "a similarly situated White Hair Stylist is still employed." See Exhibits to

11

Compl. Nowhere in her April 8, 2008, Charge of Discrimination does Smith claim she was discriminated against based on her age, and there is no evidence in the record that Smith amended her Charge of Discrimination to include such claim.

Having reviewed the pleadings, the Court finds there does not exist a genuine issue of material fact with regard to whether Smith filed a claim of age discrimination with the EEOC and therefore, whether she complied with the statutory requirements for filing an age-based discrimination claim in this Court. The Court additionally finds that as Smith did not file a claim of age-based discrimination with the EEOC before filing her lawsuit, Smith's motion for summary judgment on her age-based discrimination claim should be denied, and the motion of Regis to dismiss this claim should be granted.

Regis has also moved for the dismissal of Smith's defamation claim. Under Mississippi law, to recover on a claim of defamation, a plaintiff must prove: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability irrespective of special harm or existence of special harm caused by the publication." Richard v. Supervalu, Inc., 974 So. 2d 944, 949 (Miss. Ct. App. 2008)(citing Armistead v. Minor, 815 So. 2d 1189, 1193 (Miss. 2002)). Mississippi law also recognizes that "a

12

statement that would normally be actionable" for the purpose of maintaining a defamation claim "may be privileged if it was 'made in good faith on any subject matter on which the person communicating has an interest or in reference to which he has a duty to protect to a person having a corresponding interest or duty....'" <u>Richard</u>, 974 So. 2d at 949-50 (quoting <u>Downtown Grill, Inc. v. Connell</u>, 721 So. 2d 1113, 1119 (Miss. 1998)). If a qualified privilege exists, the court must then determine whether it is overcome by malice, bad faith, or abuse. <u>Eckman v. Cooper Tire & Rubber Co.</u>, 893 So. 2d 1049, 1052 (Miss. 2005)(citing <u>Garziano v. E.I. Dupont de Nemours & Co.</u>, 818 F.2d 380, 386-87 (5th Cir. 1987)). As more fully explained by the Mississippi Supreme Court in <u>Smith v. White</u>, 799 So. 2d 83, 86 (Miss. 2001), a qualified privilege applies to:

> A communication made in good faith and on a subject matter in which the person making it has an interest, or in reference to which he has a duty, is privileged if made to a person or persons having a corresponding interest or duty, even though it contains matter which without this privilege would be slanderous, provided the statement is made without malice and in good faith.

<u>Smith</u>, 799 So. 2d at 86.

In support of her defamation claim, Smith argues that McCall made false statements in the termination letter she received. The Court finds that this argument does not create an actionable defamation claim because first, it does not establish that there was "an unprivileged publication to a third party" as required to

13

maintain such claim under Mississippi law.  In other words, there
is no evidence that any third party, that is anyone other than
Smith and McCall/Regis, received copies of the termination letter
issued to Smith.  Second, because both Regis and Smith had a
"legitimate and direct interest in the subject matter" of the
termination letter, that is the reason Smith was terminated, and as
Smith has not presented any evidence to show malice or bad faith on
the part of Regis/McCall,[4] the termination letter and any
statements made to her regarding the reasons for her termination
are privileged under Mississippi law.  See e.g. Young v. Jackson,
572 So. 2d 378, 383 (Miss. 1990)(finding that "a qualified
privilege exists between those directly interested in the same
manner and in the absence of malice, no cause of action lies" and

---

[4]  Under Mississippi law, for the purposes of a defamation
claim:

> Actual or express malice, as distinguished from malice
> in law, in its ordinary sense denotes ill will, a
> sentiment of hate or spite, especially when harbored by
> one person towards another, [and] exists when one with
> a sedate, deliberate mind and formed design injures
> another, as where the person is actuated by ill will in
> what he does and says, with the design to willfully or
> wantonly injure another.

Young v. Jackson, 572 So. 2d 378, 385 (Miss. 1990).  Here, Smith
has not presented any evidence of ill will or spite on the part
of Regis or McCall.  In fact, the record shows that although
Smith was terminated for having missed three days of work during
her ninety-day probation period, McCall recommended her for "re-
hire" in the Termination Form that was issued.  See Exhibits to
Compl.

that "[w]hen qualified privilege is established, statements or written communications are not actionable as slanderous or libelous absent bad faith or malice if the communications are limited to those persons who have a legitimate and direct interest in the subject matter."). See also Raiola v. Chevron U.S.A., Inc., 872 So. 2d 79, 85 (Miss. Ct. App. 2004)(finding that a qualified privilege existed "because any statement made by an employer against an employee when the statement in question affects the employee's employment is protected by a qualified privilege.").

Smith also argues that "her former employer made false statements to the EEOC." See Statement of Facts [Docket No. 21], at 2. The Court finds that this claim fails for two reasons. First, Smith cannot proceed on her defamation claim arising from allegedly false statements made to the EEOC because she has "failed to set forth the statements, paraphrased or verbatim, that constitut[e the alleged] slander." See Chalk v. Bertholf, 980 So. 2d 290, 298 (Miss. Ct. App. 2007). In other words, Smith's "[f]ailure to provide any substance regarding the allegedly slanderous words in the complaint" against Regis is fatal to her defamation claim. Id. Second, any statement made by Regis to the EEOC during its investigation of Smith's Charge of Discrimination would be protected by a qualified privilege. See Smith, 799 So. 2d at 86 (recognizing that qualified privilege attaches to communications "made in good faith and on a subject matter in which

15

the person making it has an interest, or in reference to which he has a duty... provided the statement is made without malice and in good faith."). As discussed above, there is no evidence that any statements made by Regis to the EEOC regarding Smith's termination were made with malice, or absent good faith.

Having reviewed the pleadings, the Court finds there does not exist a genuine issue of material fact with regard to whether any statement made by Regis, if made to a third party, would not be protected under a qualified privilege. Accordingly, the Court finds that Smith's motion for summary judgment on her defamation claim should be denied, and the motion of Regis to dismiss this claim should be granted.

In her Complaint, Smith has also alleged claims of breach of contract and breach of good faith and fairness to all employees. Regis has not sought the dismissal of these claims in the motion presently before the Court. Although Smith has presumably moved for summary judgment on these claims, the Court finds it must be denied because she has not shown the absence of a genuine issue of material fact. Accordingly, the Court finds that Smith's claims of breach of contract and breach of good faith and fairness to all employees should remain pending at this time.

### III. Conclusion

For the foregoing reasons:

16

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss [Docket No. 15] is hereby granted in part, and denied in part.

To the extent the subject Motion seeks the dismissal of Plaintiff's race discrimination claim under Title VII, Plaintiff's age discrimination claim under the Age Discrimination in Employment Act, and Plaintiff's state law claim of defamation, the Motion is granted.

To the extent the subject Motion seeks dismissal of Plaintiff's Complaint, including her state law claims of breach of contract and breach of good faith and fairness, the Motion is denied.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is hereby denied.

SO ORDERED this the 6th day of January, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE