```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**PATRICIA SMITH**                                                           **PLAINTIFF**

VS.                                      CIVIL ACTION NO. 3:09-cv-96-WHB-LRA

**SMART STYLE, REGIS CORPORATION,**
**and BECKY McCALL**                                                       **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the parties' competing motions for summary judgment on Plaintiff's claims of breach of contract and breach of duty of good faith and fair dealing.[1] Having considered the Motions, Responses, Rebuttal, the attachments thereto, as well as supporting and opposing authorities, the Court finds Plaintiff's Motion for Summary Judgment is not well taken and should be denied, and the Motion of Defendant for Summary Judgment is well taken and should be granted.

### I.  Factual Background and Procedural History

Plaintiff, Patricia Smith ("Smith"), began her employment as a hair stylist with Defendant, Regis Corporation d/b/a Smart Style ("Regis"), on March 1, 2008. Smith alleges that sometime thereafter, she was threatened by a co-worker who also made

---

[1] As Plaintiff is proceeding in this case *pro se*, the allegations in her pleadings have been liberally construed. See e.g. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993).

comments about her and her mother's race. Smith claims that she reported the alleged discrimination to her supervisor, Becky McCall ("McCall"), and to Regis but no action on her claim was taken.

Smith was terminated from her employment on April 8, 2008. According to the record, Smith received a Corrective Action Notice on March 7, 2008, because she reported to work on March 6, 2008, forty-five minutes after her scheduled shift began, and had not notified the store manager that she would be late. See Exhibits to Compl. On April 7, 2008, Smith received a second Corrective Action Notice that cited the following:

> On 4-4-08 Patricia missed work due to her truck being broke down. She worked 1-9 on 4-5 and was scheduled off on 4-6-08. On 4-7-08 she told me by phone that her truck was still broke down and that she could not come to work – she told me she would be at work on Tue 4-8-08.

See id. In the April 7, 2008, Corrective Action Notice, Smith was notified that she was responsible for working her scheduled shifts and that further offenses would lead to the termination of her position. See id.

On April 8, 2008, Smith received a third Corrective Action Notice that cited the following:

> Patricia has missed three days of scheduled shifts because her truck was broken down. 4-4-08, 4-7-08 + 4-8-08. When I called her to see why she wasn't at work she was at the Drs. office and said she did not have transportation to work.

See id. The Third Corrective Action Notice also explained that "[m]issing 3 days of scheduled work during 90 day probation period

2

is grounds for termination. See id. Smith's employment was terminated on April 8, 2008, for having missed three days of work during her probation period. See id. (Termination Form)(indicating that Smith was terminated because she missed three days of work due to transportation problems while she was still on 90 day probation).

In her pleadings, Smith does not deny that she reported late to work on March 6, 2008. Smith, however, contends that McCall had previously given her permission to come in late because of her school and travel schedule. Likewise, Smith does not deny that she missed work on April 4, 2008, and April 7, 2008, because her truck was broken. Smith, however, contends that the store manager or McCall had excused these absences. Finally, Smith does not deny that she missed work on April 8, 2008, but claims she was absent because of illness. With regard to this absence, Smith argues that although it should have been excused, it was the only unexcused absence she had. See Statement of Facts [Docket No. 21] at 2.

Based on these allegations, Smith claims that McCall lied when she reported that Smith had missed three days of work during her ninety-day probation period and, therefore, lied when she terminated Smith's employment for that reason. Smith further claims that she was fired because she had called in sick on April 8, 2008, and that her termination was discriminatory because other employees were not fired after calling in sick. Smith also alleges

that she was terminated in violation of certain policies and procedures that are contained in the employee handbook she received when she was hired.

On or about April 13, 2008, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination on the bases of race and disability, and claiming retaliation. After receiving a right to sue notice, Smith filed the subject lawsuit in this Court on or about February 4, 2009, alleging:

Facts

> I am entitled to relief because Smart Style have no sound business reasons for firing me. They have a duty of fairness to all employee to treated equally. Their policies should be equitable and fair to all employees and all document should be honest and I should have been inform on all corrective action notice and, some shouldn't have been written at all. Dictation of termination letter with false reasons from Becky McCall Supervisor. I was unfairly discriminated on age, race.

Relief

> I am seeking relief breach of contract of good faith and fairness to all employees. I also have ground for defamation of employer honesty to the fact. It will be obtain in this court discrimination.

See Compl. (reprinted verbatim).[2]  On July 20, 2009, Smith filed a motion seeking to amend her Complaint to name McCall as an

---

[2] In her Complaint, Smith also alleges that her lawsuit is "brought in Federal Court to enforce federal laws that violated by right in an employment contract." See Compl. As it appears that Smith is alleging claims arising under federal law, the Court finds it may properly exercise subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

4

additional defendant.  Smith's Motion to Amend was granted on July 24, 2009.  See Order [Docket No. 8].  On October 23, 2009, Smith entered an *ore tenus* motion to voluntarily dismiss, without prejudice, Defendants Smart Style and McCall.  United States Magistrate Judge Linda R. Anderson granted Smith's *ore tenus* motion on October 23, 2009.

On September 10, 2009, Regis filed a motion seeking dismissal of Smith's Complaint pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure.  The motion was converted to a motion for summary judgment in accordance with Rule 12(d) of the Federal Rules of Civil Procedure.  See Opinion and Order [Docket No. 23].  In deciding the motion, the Court found Regis was entitled to summary judgment on Smith's employment discrimination claims because she had failed to exhaust her administrative remedies as regards her age discrimination claim, and had filed her Complaint more than ninety days after receiving her right to sue notice from the EEOC.  Id. at 9-12.  The Court also found that Regis was entitled to summary judgment on Smith's defamation claim because there did not exist a fact issue as to whether any statement made by Regis, if made to a third party, would not be protected under a qualified privilege.  Id. at 16.  The Court, however, denied summary judgment with respect to Smith's breach of contract and breach of good faith and fair dealing claims because these claims were not addressed in the motion.  The parties have

5

now moved for summary judgment on the breach of contract and breach of good faith and fair dealing claims.

## II.  Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not,

however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Discussion

Under Mississippi law, which unquestionably governs Smith's breach of contract and breach of good faith and fair dealing claims, "where there is no employment contract (or where there is a contract which does not specify the term of the worker's

7

employment), the relation[ship] may be terminated at will by either party." Solomon v. Walgreen Co., 975 F.2d 1086, 1089 (5th Cir. 1992)(quoting Perry v. Sears, Roebuck & Co., 508 So. 2d 1086, 1088 (Miss. 1987)).  The "at-will doctrine", the phrase by which the above rule is commonly referred, means that either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract. See Kelly v. Mississippi Valley Gas Co., 397 So. 2d 874, 874-75 (Miss. 1981).

In the present case, a written employment contract was not entered by the parties.  Smith, however, argues that an implied contract existed based on the employee handbook she received. See Pl.'s Resp. to Mot. for Summ. J. [Docket No. 29] (arguing: "The handbook contain[ed] a detailed list of exclusive grounds of employee discipline or discharge and a mandatory and specified procedure which the employer agrees to follow prior to any employee's termination.  The handbook manifest[ed] a clear intention by the employer to surrender the power to terminate at-will, 'a basis of an implied contract'.).  The Court finds Smith's argument lacks merit.

In Perry v. Sears, Roebuck & Co., 508 So. 2d 1086 (Miss. 1987), the Mississippi Supreme Court held that an employee handbook cannot be considered a contract between the employer and the employee where the handbook explicitly states that the employee can be terminated at will.  Here, the employee handbook at issue

contains the following disclaimer:

> NOTHING IN THE INFORMATION PROVIDED HEREIN, NOR IN ANY OTHER WRITTEN OR UNWRITTEN POLICIES AND PROCEDURES OF THE COMPANY, CREATES OR IS INTENDED TO CREATE, AN EXPRESS OR IMPLIED CONTRACT, COVENANT, PROMISE, OR REPRESENTATION BETWEEN THE COMPANY AND ANY EMPLOYEE.  ALL EMPLOYEES ARE AT-WILL AND THE COMPANY HAS THE RIGHT TO TERMINATE ANY EMPLOYEE AT ANY TIME WITH OR WITHOUT REASON.
>
> ANY EXCEPTION TO THE AT-WILL RELATIONSHIP MUST BE EVIDENCED BY A WRITTEN AGREEMENT SIGNED BY THE AFFECTED EMPLOYEE AND THE COMPANY PRESIDENT.

See Mot. for Summ. J. [Docket No. 27], Ex. 6 ("Important Information for the New Employee") at 4.  See also id. at Ex. 2 (Personnel Data Sheet signed by Smith on March 1, 2008) (providing, in relevant part: "I further understand that no provision contained in 'Important Information for the New Employee' is intended to create a contract or guarantee of employment between Regis Corporation and any employee, or to limit the rights of the company and its employees to terminate the employment relationship at any time, for any reason in the company's sole discretion."). Based on the express disclaimer in the employee handbook, the Court finds the handbook cannot be considered an employment contract between Smith and Regis. As the employee handbook at issue did not create an employment contract, the Court finds there does not exist a genuine issue of material fact with regard to whether Regis breached any contract existing between it and Smith. Accordingly, the Court finds that Regis is entitled to summary judgment on Smith's breach of contract claim.

As regards Smith's claim of breach of the duty of good faith and fair dealing, Mississippi courts have held that such duty does not exist in at-will employment relationships. See e.g. Hartle v. Packard Elec., 626 So. 2d 106, 110 (Miss. 1993) ("[A]t-will employment relationships are not governed by an implied covenant of good faith and fair dealing.")(citing Perry, 508 So. 2d at 1089). See also Burroughs v. FFP Operating Partners, L.P., 28 F.3d 543, 547 (5th Cir. 1994)(recognizing that an implied covenant of good faith and fair dealing does not exist in Mississippi employment termination cases). As the employment relationship that existed between Smith and Regis was at-will, the Court finds, as a matter of law, that Regis is entitled to summary judgment on Smith's breach of good faith and fair dealing claim.

In summary, the Court previously granted summary judgment in favor of Regis on the employment discrimination claims and defamation claim alleged by Smith in her Complaint. The Court has now determined that Regis is likewise entitled to summary judgment on Smith's remaining claims of breach of contract and breach of the duty of good faith and fair dealing. Accordingly, the Court will enter final judgment dismissing this case with prejudice.

### IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Smith's Motion for Summary Judgment on her remaining claims of breach of contract and breach of the duty of good faith and fair dealing [Docket No. 31] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant, Regis, for Summary Judgment on Smith's remaining claims of breach of contract and breach of the duty of good faith and fair dealing [Docket No. 27] is hereby granted.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 24th day of May, 2010.

                                      s/ William H. Barbour, Jr.
                                      UNITED STATES DISTRICT JUDGE